# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2024

Lyle W. Cayce
Clerk

_____

No. 23-60139

_____

Victor Netro Gonzalez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the Board of Immigration Appeals
Agency No. A200 220 097

_____

Before Smith, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Victor Netro Gonzalez petitions for review of the Board of Immigration Appeals's ("BIA's") dismissal of his appeal of an immigration judge's denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  We DENY Netro Gonzalez's petition.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I

Netro Gonzalez, a native and citizen of Mexico, entered the United States without inspection in 2001. In February 2012, he was served with a notice to appear ("NTA") charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without first having been admitted or paroled.

Netro Gonzalez appeared *pro se* at his initial hearing on March 7, 2012. He admitted the allegations in the NTA, conceded removability, and indicated that he wished to pursue relief in the form of cancellation of removal or, in the alternative, voluntary departure. The immigration judge adjourned the proceedings until March 28, 2012 to allow Netro Gonzalez to complete his application for cancellation of removal. When Netro Gonzalez appeared on that date and had not yet submitted his application, the immigration judge again adjourned the proceedings until April 10, 2012. Once his application was received, the immigration judge set his merits hearing for May 8, 2012.

At his merits hearing, Netro Gonzalez appeared *pro se* and presented evidence. The immigration judge granted another continuance to June 28, 2012 to allow him to gather additional evidence. After this point, the proceedings were continued five additional times, four times at the instigation of the immigration court and once on motion from Netro Gonzalez's newly retained attorney, Michael Mattson.

At his next hearing on January 10, 2018, Netro Gonzalez was represented by Mattson's colleague, who confirmed that the case was ready for adjudication and requested to set the date of the final merits hearing. The immigration judge set the merits hearing for May 31, 2018. In the interim, however, Mattson requested another continuance, and the immigration court accordingly continued the proceedings to March 19, 2019.

Netro Gonzalez appeared at his March 19, 2019 final merits hearing without Mattson, stating that he had called Mattson's office that morning and had been informed that Mattson had been ill with the flu for several days, and that he "d[idn't] know what to do." The immigration judge responded that, while Netro Gonzalez had the right to an attorney, it was Netro Gonzalez's "obligation to ensure that the attorney [wa]s present with [him] at all times[.]" The immigration judge observed that the case had been pending since 2012 and that the merits hearing had been postponed several times since 2014, admonished that the issue of Mattson's illness should have been resolved before the hearing, and noted the government's opposition to a further continuance. The immigration judge therefore concluded that there was not good cause for a continuance on account of Mattson's absence and proceeded with the hearing.

Netro Gonzalez testified that he had one qualifying relative for purposes of his application: his United States citizen daughter, who was then ten years old. He stated that his daughter resided with her mother and several half-siblings and had resided with him for only one year of her life, but that he saw her once every two weeks and had an "excellent" relationship with her. He further testified that, although his daughter had no diagnosed medical or educational difficulties, she had experienced stomach problems and suffered a panic attack two years prior at a cheerleading practice, and she also had once required several days of emotional support from him and others when changing schools. He stated that, were he to be removed from the United States, he believed that his daughter would miss him and that it could impact her eating habits and academic performance.

Netro Gonzalez also testified that he provided his daughter with financial support, in the form of $383 monthly in child support and $50 monthly in back child support. He stated that his daughter's mother worked and owned the house in which she lived, and that the father of his daughter's

half-siblings also provided financial support to the household. He testified that his daughter's maternal grandmother lived close by and cared for his daughter and her half-siblings while their mother worked, and that his daughter did not have any exceptional financial expenses that required his support.

The immigration judge issued an oral decision denying Netro Gonzalez's application for cancellation of removal, concluding that while he had demonstrated the requisite continuous physical presence and good moral character, he had not demonstrated that his United States citizen daughter would suffer "exceptional and extremely unusual hardship" were he to be removed, thereby failing to satisfy all of 8 U.S.C. § 1229b(b)(1)'s requirements. The immigration judge granted Netro Gonzalez's alternative request for voluntary departure.

Netro Gonzalez timely appealed to the BIA, contending that: (1) the immigration judge erred in finding that he was not eligible for cancellation of removal because he had failed to demonstrate that his daughter would suffer "exceptional and extremely unusual hardship" were he to be removed; and (2) the immigration judge violated his right to due process in denying him a continuance and conducting his final merits hearing without his attorney present. The BIA dismissed the appeal, determining that the financial and emotional hardship Netro Gonzalez's daughter would face if he were removed was not "exceptional and extremely unusual" and that his due process claim was meritless.

Netro Gonzalez timely petitioned this court for review of the BIA's decision as to both issues. *See* 8 U.S.C. § 1252(b)(1). We held oral argument on December 5, 2023. After the Supreme Court's decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024), we granted the government's unopposed

motion to file supplemental briefing. The parties then filed supplemental briefs in light of *Wilkinson*.

## II

We turn first to Netro Gonzalez's contention that the BIA erred in concluding that he did not demonstrate that his removal would cause his daughter "exceptional and extremely unusual hardship."

When reviewing decisions of the BIA, we consider the decision of the immigration judge only to the extent that it "ha[d] some impact on the BIA's decision." *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (quoting *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009)). We generally review the BIA's legal conclusions *de novo* and factual findings for substantial evidence. *E.g.*, *id.* at 517-18; *Mejia-Alvarenga v. Garland*, 95 F.4th 319, 323 (5th Cir. 2024). Under the substantial evidence standard, the petitioner must demonstrate "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson*, 685 F.3d at 518 (quoting *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006)); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"). However, factual determinations related to cancellation of removal are not reviewable. *Patel v. Garland*, 596 U.S. 328, 347 (2022); *see* 8 U.S.C. § 1252(a)(2)(B)(i).

In *Wilkinson*, the Supreme Court held that 8 U.S.C. § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" standard is a mixed question of law and fact subject to judicial review under 8 U.S.C. § 1252(a)(2)(D). 601 U.S. at 222, 225. That provision preserves "review of constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). The Supreme Court did not specify the proper standard of review for this hardship determination, other than to state that

"review is deferential" because the "mixed question is primarily factual." *Wilkinson*, 601 U.S. at 225.

Netro Gonzalez maintains that his daughter, his only qualifying relative, would suffer exceptional and extremely unusual economic and emotional hardship if he were removed. In particular, he points to her prior panic attack and emotional difficulties and to his role in providing child support for her household. He asserts that if he were removed, he would be unable to provide her with the same emotional and financial support and that he believes her eating habits and academic performance would be detrimentally affected.

The BIA affirmed the immigration judge's decision that Netro Gonzalez was ineligible for cancellation of removal because, although the evidence demonstrated that his daughter "would face emotional and financial hardship upon [his] removal to Mexico," it did not demonstrate that his daughter would experience "exceptional and extremely unusual hardship" beyond that ordinarily associated with any removal.

In their supplemental briefing, both parties urge us to adopt a substantial evidence standard of review for "exceptional and extremely unusual hardship" determinations. We need not reach the question of the precise level of deference owed to the BIA's determination, because that issue is not dispositive here.

Even without deference, we agree with the BIA's determination that Netro Gonzalez has not demonstrated hardship to his daughter that is "substantially different from, or beyond, that which would normally be expected from the deportation of a close family member." *Wilkinson*, 601 U.S. at 222 (citation, internal quotation marks, and alteration omitted). Under the deferential review required by *Wilkinson*, then, there is certainly

no basis to unsettle the BIA's considered determination. We therefore hold that he is not entitled to relief on this ground.

## III

We turn next to Netro Gonzalez's contention that the BIA denied him due process when it affirmed the immigration judge's denial of a continuance on account of his attorney's absence from the final merits hearing.

"When considering a petition for review, we review constitutional issues—such as due process claims—*de novo*." *Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). To show that the BIA denied a petitioner due process, the petitioner must "make an initial showing of substantial prejudice." *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). This requires the petitioner to "make a prima facie showing that the alleged violation affected the outcome of the proceedings." *Id.*

The BIA agreed with the immigration judge's determination that Netro Gonzalez had not established good cause for a continuance on account of his attorney's absence. The BIA also concluded that the record did not indicate that the immigration judge's denial of a continuance precluded Netro Gonzalez from presenting his case in a meaningful and fair manner, because Netro Gonzalez had not "(1) identif[ied] the evidence that he was precluded from submitting to the Immigration Judge due to the denial of his motion and (2) demonstrate[d] that such evidence, if considered by the Immigration Judge below, would have resulted in a grant of his application for cancellation of removal."

On petition for review in this court, Netro Gonzalez has not made a showing of substantial prejudice. He again has not identified any evidence that the immigration judge's denial of a continuance precluded him from submitting, nor has he shown that the outcome of his proceedings would have

No. 23-60139

been different had a continuance been granted.  We therefore hold that he is not entitled to relief on this account.

*    *    *

For the foregoing reasons, we DENY Netro Gonzalez's petition.